UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

FEDERAL HOME LOAN MORTGAGE
CORPORATION,                                    Case No.: 1:26-cv-00407-LKE


      Plaintiff(s),

   -against-

                                          **ANSWER**


GW REAL ESTATE PARTNERS, LLC;
JAMES D. PERRONE; NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD;
JANE DOE; JOHN DOE; the names of the last
named defendants being fictitious, the parties
being tenants or persons in possession of portions
of the property described in the complaint or parties
who have, or claim to possess an interest, lien or
encumbrance against the property which is subordinate
to the lien of the Plaintiff,

            Defendant(s).
--------------------------------------------------------------------X

     Defendants, GW REAL ESTATE PARTNERS, LLC and JAMES D. PERRONE (hereinafter referred as "Defendants"), by their attorneys, Poltielov Law Firm P.C. as for their Answer to the Plaintiff's Complaint (the "Complaint") state and allege as follows:

     1.     Defendants deny the allegations contained in paragraph 1 of the Complaint. The plaintiff failed to limit, as far as practicable, the allegation to a single set of circumstances and, instead, stated several facts within the same statement rendering the ability to admit or deny prejudicially impossible.

     2.     Defendants admit the allegation contained in Paragraph 2 of the Complaint.

     3.     Defendants admit the allegation contained in Paragraph 3 of the Complaint.

**THE PARTIES**

4. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Defendants admit the allegation contained in Paragraph 9 of the Complaint.

10. Defendants admit the allegation contained in Paragraph 10 of the Complaint.

**JURISDICTION AND VENUE**

11. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

## THE LOAN DOCUMENTS

15. Paragraph 15 of the Complaint - admit only that a Loan exists as to between Plaintiff and Defendant.

16. Paragraph 16 of the Complaint - admit only that an amended and restated note exists as to between Plaintiff and Defendant.

17. Paragraph 17 of the Complaint – admit that a CEMA exists as to between Plaintiff and Defendant.

18. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Mortgage Foreclosure)

30. Defendants repeat and reallege the allegations contained in Paragraphs 1-29 of the Answer as though fully set forth herein.

### The Default

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.

37. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint.

### Advances by Plaintiff

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

## Right to Foreclose

42. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

## Right to Attorneys' Fees, Costs and Expenses

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

## Foreclosure Sale

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION
## (Security Interest Foreclosure)

46. Defendants repeat and reassert the allegations set forth in Paragraphs 1–45 of the Answer as if set forth herein at length.

47. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint.

## Appointment of a Receiver

51. Defendants repeat and reassert the allegations set forth in Paragraphs 1–50 of the Answer as if set forth herein at length.

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

53.    Plaintiff failed to set forth a cause of action upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

54.    Plaintiff lacks standing.

**THIRD AFFIRMATIVE DEFENSE**

55.    ILLEGAL CHARGES ADDED TO BALANCE: Plaintiff has charged and/or collected payments from Defendants for attorney fees, legal fees, foreclosure costs, late charges, property inspection fees, title search expenses, filing fees, broker price opinions, appraisal fees, and other charges and advances, and predatory lending fees and charges that are not authorized by or in conformity with the terms of the subject note and mortgage.

56.    Plaintiff wrongfully added and continues to unilaterally add these illegal charges to the balance Plaintiff claims is due and owing under the subject note and mortgage.

**FOURTH AFFIRMATIVE DEFENSE**

57.    No debt is owed to Plaintiff on the loan underlying the mortgage.

**FIFTH AFFIRMATIVE DEFENSE**

58.    Payment, release, accord and/or satisfaction.

**SIXTH AFFIRMATIVE DEFENSE**

59.    Upon information and belief, the note and mortgage was procured by deceptive and fraudulent Practices constituting "predatory lending" as contemplated by State and Federal law; specifically, Plaintiff intentionally exercised improper, inadequate or nonexistent due diligence regarding Defendant's ability to repay the amounts due under the note and mortgage.

60.    Upon confirmation and belief, the note and mortgage was procured by deceptive and fraudulent Practices constituting "predatory lending" as contemplated by State and Federal

law; specifically Plaintiff's intentional and improper placement of Defendant into sub-prime loan products resulted in excessively high interest rates, longer loan terms and impaired refinancing flexibility to the sole benefit of the lender.

<b><u>SEVENTH AFFIRMATIVE DEFENSE</u></b>

61.     Upon information and belief, the note and mortgage was procured by deceptive and fraudulent Practices constituting "predatory lending" as contemplated by State and Federal law, specifically, Plaintiff intentionally failed to provide state and federally mandated Truth-In-Lending documents ("TILA disclosures") regarding material elements of the financing being obtained, including, without limitations, matters relating to closing costs and fees, counseling services, loan terms and amortization schedules.

62.     Since the servicers have changed since the origination of the loan, the new servicer should have notified of the transfer of this loan within 30 days of the transfer, which fault triggered a violation to TILA in the amount of $4,000.00 for statutory damages, TILA §131g (15 U.S.C. 1641 (g)), in additional costs, actual damages and attorney's fees under §130 of TILA.

<b><u>EIGHTH AFFIRMATIVE DEFENSE</u></b>

63.     Plaintiff's predecessor failed to inform the borrower of its intention to transfer the servicing of the loan and/or failed to inform the borrower of the actual transfer within fifteen (15) days before the effective date of the transfer. 24 C.F.R. § 3500.21 RESPA mortgage servicing disclosure.

<b><u>NINETH AFFIRMATIVE DEFENSE</u></b>

64.     Upon information and belief, the note and mortgage was procured by deceptive and fraudulent Practices constituting "predatory lending" as contemplated by State and Federal law,

specifically, Plaintiff's violated New York Banking law § 6-L(2)(m), in that the amount financed to cover the costs of the loan were in excess of 3 percent of the principal amount of the loan.

### TENTH AFFIRMATIVE DEFENSE

65.     Upon information and belief, the note and mortgage was procured by deceptive and Fraudulent practices consisting "predatory lending" as contemplated by State and Federal Law, specifically, at the time of application, Plaintiff failed to provide a list of credit Counselors as contemplated under New York State Banking Law §6-L(2)(1)(1).

### ELEVENTH AFFIRMATIVE DEFENSE

66.     Plaintiff will be unjustly enriched if its allowed to maintain its cause of action

### TWELFTH AFFIRMATIVE DEFENSE

67.     Upon information and belief, plaintiff violated 254-b of Real Property Law by assessing improper late charges against defendants.

### THIRTEENTH AFFIRMATIVE DEFENSE

68.     The mortgage provided that in case of a default, Plaintiff was required to give defendants a specific written notice with an opportunity to cure any default.  Plaintiff failed to give defendants the notice of default as required by the mortgage.  The plaintiff has failed to comply with a condition precedent of the mortgage and of notice of a default with an opportunity to cure the acceleration.

69.     Plaintiff failed to properly accelerate the debt pursuant to the mortgage.  Therefore, Plaintiff was in violation of the terms of the mortgage.

### FOURTEENTH AFFIRMATIVE DEFENSE

70.     Plaintiff failed to comply with 24 CFR § 203, including but not limited to, §203.602, §203.604, §203.605 and §203.606.

<strong><u>FIFTHTEENTH AFFIRMATIVE DEFENSE</u></strong>

71.     Plaintiff has failed to make parties to this action certain persons in the absence of which complete relief cannot be accorded between the parties to the action or who might be inequitably affected by a judgment in the action.

<strong><u>SIXTEENTH AFFIRMATIVE DEFENSE</u></strong>

72.     Plaintiff fails to establish a chain of title pursuant to Civil Practice Laws and Rules §3012-b.   Plaintiff fails to attach legible copies of the mortgage, promissory note, security agreement, bond underlying the mortgage executed by the Defendant and/or all instruments of assignment.   Plaintiff also fails to attach Power of Attorney documents and affidavits from the servicer(s) attesting to the whereabouts and delivery of the Note.

<strong><u>SEVENTEENTH AFFIRMATIVE DEFENSE</u></strong>

73.     Plaintiff failed comply with NY Real Property Actions and Proceedings Law §§ 1301, 1302, 1303, 1304 and 1306.

<strong><u>EIGHTEENTH AFFIRMATIVE DEFENSE</u></strong>

74.     The Plaintiff's causes of actions are barred by the doctrines of res judicata, collateral estoppel, judicial estoppel and judicial admissions.

<strong><u>NINETEENTH AFFIRMATIVE DEFENSE</u></strong>

75.     Impossibility or impracticability of performance.

<strong><u>TWENTIETH AFFIRMATIVE DEFENSE</u></strong>

76.     Standing 'is an essential and unchanging part of the case-or-controversy requirement of Article III.' *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

77. If plaintiffs lack Article III standing, a court has no subject matter jurisdiction to hear their claim." *Cent. States Southeast and Southwest Areas Health and Welfare Fund v Merck-Medco Managed Care, L.L.C.*, 433 F3d 181, 198 (2d Cir 2005).

78. Here, the court lacks subject matter jurisdiction and, resultantly, the court is powerless to order anything but a dismissal of the action.

79. Therefore, the action must be dismissed.

### TWENTY FIRST AFFIRMATIVE DEFENSE

80. Frustration of purpose.

### TWENTY SECOND AFFIRMATIVE DEFENSE

81. Plaintiff has breached its duty to act in good faith and fair dealing with respect to the servicing of the subject Mortgage and/or Note.

82. Plaintiff is thus precluded from recovery due to its failure to take appropriate steps to avoid and/or mitigate its alleged damages.

### TWENTY THIRD AFFIRMATIVE DEFENSE

83. The Plaintiff's action cannot be maintained under the doctrine of Champerty as codified in NYS Judiciary Law §§488-489. If the Plaintiff

84. Furthermore, pursuant to § 489(1) of the NYS Judiciary Law, the Plaintiff in this case should be fined $5,000.00 for violating New York's champerty statute.

### TWENTY FOURTH AFFIRMATIVE DEFENSE

85. The Plaintiff has insurance and is insured against events that purportedly give rise to this action.

86. Upon information and belief, the loan was insured by an insurance company, the United States or an agency thereof.

87.	The Plaintiff has been paid in full.

88.	The Plaintiff has resources for payment in full of the debt that purportedly gives rise to this action.

89.	The Plaintiff cannot collect twice upon the same debt.

90.	Therefore, this action must be dismissed.

### TWENTY FIFTH AFFIRMATIVE DEFENSE

91.	That one or more defenses are based on documentary evidence.

### TWENTY SIXTH AFFIRMATIVE DEFENSE

92.	Plaintiff's claims are barred by the doctrines of unclean hands, bad faith, laches, illegality, usury and statute of frauds.

93.	Upon information and belief, the instant action is a duplicative action.

### TWENTY SEVENTH AFFIRMATIVE DEFENSE

94.	Upon information and belief, prior to making the loan, Plaintiff failed to conduct a proper and diligent investigation into Defendant's creditworthiness or repayment ability.

### TWENTY EIGHTH AFFIRMATIVE DEFENSE

95.	Plaintiff is not a holder of the Note in due course as such term is defined in the NY UCC § 3-302.

### TWENTY NINETH AFFIRMATIVE DEFENSE

96.	The causes of action asserted in the Plaintiff's Complaint are, in whole or in part, barred by the applicable statute of limitations.

## THIRTIETH AFFIRMATIVE DEFENSE

97. Plaintiff has not provided Defendant with payoff and reinstatement figures or debt verification, and/or other information as was requested according to the Fair Debt Collection Practices Act, 15 U.S.C. § 1601, *et. seq*.

98. Plaintiff is not in compliance with FDCPA due to an improper verification required by 15 USC 1692g(b).

## THIRTY FIRST AFFIRMATIVE DEFENSE

99. Plaintiff failed to properly apply mortgage payments to the subject loan that were made by Defendant.

## THIRTY SECOND AFFIRMATIVE DEFENSE

100. Plaintiff made an election of remedies in seeking to foreclose on its real estate mortgage and cannot simultaneously pursue a claim under a guaranty.

## COUNTERCLAIMS

## AS AND FOR A FIRST COUNTERCLAIM

101. Defendants are entitled to attorney fees and costs pursuant to FRCP Rule 54 and RPAPL § 282.

102. RPAPL § 282 provides that ". . . there shall be implied in such mortgage a covenant by the mortgagee to pay to the mortgagor the reasonable attorneys' fees and/or expenses incurred by the mortgagor . . ."  RPAPL § 282.

103. The Mortgage outlines the mortgagee's right to add all reasonable attorney fees to the amount owed.

104. Given that the Mortgage instructs for attorney fees for the Plaintiff, then the statute also affords Defendants the implied right to attorneys' fees.

105. Defendants are entitled to attorneys' fees under RPAPL § 282.

106. Defendants request that the Court set a hearing to determine the reasonable value of the attorneys' fees.

## RIGHT TO AMEND

Defendants reserve the right to amend this Answer, to modify or supplement the factual allegations, claims, and relief requested contained herein based upon information received from Plaintiff, witnesses, experts, or others in the course of discovery in this matter.

**WHEREFORE**, the Defendants seek a Judgment against the Plaintiff as follows:

a) That the Court dismiss the action together with affirmative judgment on the Counterclaim(s);

b) That the Mortgage encumbering the subject property be cancelled and discharged;

c) That the Defendants be awarded damages equal to an amount of principal and interest paid by Defendant's and attorney's fees incurred to defend this proceeding;

d) Interest, costs, disbursements and attorney fees;

e) Compensatory damages;

f) Punitive damages; and

g) That the Defendants be granted such other and further relief as the Court deems proper and just, together with the costs and disbursements of this action.

Dated: April 20, 2026
Forest Hills, New York

**POLTIELOV LAW FIRM P.C.**
/s/ R. Ariel Poltielov
By: R. Ariel Poltielov, Esq.

*Attorneys for Defendants GW Real Estate Partners &*
*James D. Perrone*
118-21 Queens Boulevard, Ste 603
Forest Hills, New York 11375
Tel: 718-520-0085
Em: Ariel@FBLawyersNY.com