UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
FEDERAL HOME LOAN MORTGAGE :
CORPORATION, :
 : **MEMORANDUM DECISION AND**
 Plaintiff, : **ORDER**
 :
 - against - : 26-cv-407 (BMC)
 :
GW REAL ESTATE PARTNERS, LLC; :
JAMES D. PERRONE; NEW YORK CITY :
ENVIRONMENTAL CONTROL BOARD; :
JANE DOE; and JOHN DOE, :
 :
 Defendants. :
-------------------------------------------------------- X

**COGAN**, District Judge.

In this commercial real estate foreclosure action, plaintiff Federal Home Loan Mortgage Corporation moves to strike 32 affirmative defenses and a single counterclaim raised by defendants GW Real Estate Partners, LLC ("GW") and James D. Perrone (together, "defendants") in their answer. Defendants have abandoned the counterclaim and all but four of the affirmative defenses by not addressing them in opposition to the motion, see Golden Bridge LLC v. DGS18 Realty LLC, No. 22-cv-5857, 2025 WL 921098, at *11 (E.D.N.Y. Mar. 27, 2025), and the motion is granted to that extent. As to the remaining four affirmative defenses – numbers 2 and 20 (no standing), 22 (breach of duty of good faith and fair dealing), and 26 (unclean hands)[1] – the Court defers ruling until plaintiff moves for summary judgment, which plaintiff should have done in the first place instead of moving to strike.

## BACKGROUND

The facts set forth herein are taken from the pleadings.

---

[1] Affirmative defense 26 also raises bad faith, laches, illegality, usury, and statute of frauds, but defendants abandon those doctrines by explicitly defending only unclean hands in their opposition brief.

CPC Mortgage Company LLC ("CPC") entered into a loan agreement with Perrone (as guarantor) on behalf of GW (as borrower), on March 25, 2020, whereby CPC made a loan to GW in the principal amount of $3,867,000 (the "Loan"). The Loan is evidenced by a note with an effective date of March 25, 2020 (the "Note"). The Note is secured by a Consolidation, Extension and Modification Agreement ("CEMA"), effective as of March 25, 2020 and recorded on March 31, 2020 in the New York City Register. Attached to the CEMA is a Multifamily Mortgage, Assignment of Rents, and Security Agreement, dated March 25, 2020 (the "Mortgage").

Pursuant to Section 2 of the Mortgage, GW granted a security interest to plaintiff in the real property and improvements located at 113 Richardson Street, Brooklyn, New York 11211, a multi-family apartment building. Plaintiff's security interest is memorialized in a UCC Financing Statement that CPC recorded against the property on March 31, 2020 in the New York City Register. Additionally, pursuant to Section 3 of the Mortgage, GW assigned and transferred all rents in connection with the property to CPC. Finally, to further secure the obligations under the Note, Perrone executed a guaranty with an effective date of March 25, 2020.

CPC assigned the CEMA and Note to plaintiff pursuant to an Assignment of Consolidated Security Instruments dated March 25, 2020 (albeit notarized on March 24, 2020) and recorded in the New York City Register on March 31, 2020. As a result, plaintiff became the owner and holder of the loan.

In a March 27, 2025 letter, plaintiff agreed to temporarily refrain from exercising its right to demand full payment of the loan during a deferral period of April 1, 2025 to June 1, 2025, as defendants had advised that they were attempting to refinance the loan but would not be able to

2

do so before the existing maturity date.  On June 1, 2025, the deferred maturity date, GW failed to make the required payment, which constituted an event of default under the loan documents. Plaintiff's counsel notified defendants of the default on July 9, 2025 and requested immediate payment.  However, defendants still did not pay.  Plaintiff contends that as a result, there is now due and owing the unpaid principal of $3,617,890.73 plus interest, late charges, advances, and plaintiff's costs of collection.  Plaintiff thus seeks to foreclose the property.

## DISCUSSION

A court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "Federal courts have discretion in deciding whether to grant motions to strike, and such motions are generally disfavored and will not be granted unless it appears to a certainty that plaintiff would succeed despite any state of the facts which could be proved in support of the defense." Chanel, Inc. v. RealReal, Inc., No. 18-cv-10626, 2026 WL 843256, at *3 (S.D.N.Y. March 26, 2026) (citations, internal quotation marks, and alteration omitted).

At the hearing on the motion, the Court expressed doubt that plaintiff's motion to strike was the most efficient path forward but agreed with plaintiff that many of defendants' defenses were vague or plainly inapplicable.  The Court suggested that rather than moving piecemeal to strike the affirmative defenses, plaintiff seek the same and even broader relief by moving for summary judgment, and defendant withdraw some or all of its affirmative defenses and counterclaim.  Apparently taking the Court's admonition to heart, defendants defended only four of their affirmative defenses in their opposition to plaintiff's motion.  Plaintiff, however, did not take the Court's suggestion and maintains its motion to strike.

3

As the Court suggested at the premotion conference, there is no reason for the Court to determine the adequacy of these four remaining affirmative defenses at this time. Even if the Court granted plaintiff's motion, it would still leave plaintiff in the same place, having to move for summary judgment. The Court can consider the parties' arguments relating to the four affirmative defenses in the context of summary judgment.

## CONCLUSION

Plaintiff's motion to strike defendants' affirmative defenses and counterclaim is granted to the extent that only the four affirmative defenses addressed in defendants' opposition survive. Further ruling on the motion is deferred. Plaintiff is directed to move for summary judgment by July 22, 2026, in which it may incorporate its motion to strike by reference; defendants' opposition will be due August 5, 2026; and plaintiff's reply will be due August 12, 2026.

**SO ORDERED.**

_Brian M. Cogan_
U.S.D.J.

Dated: Brooklyn, New York
       July 8, 2026

4